Robert K. STEVENSON

v.

GLOBAL MARINE
DRILLING CO., et al.

Civ. A. No. 85–1370 "L".

United States District Court,
W.D. Louisiana,
Lafayette–Opelousas Division.

July 15, 1987.

---

Herbert W. Barnes, Houma, La., for plaintiff.

Delos E. Flint, Jr. and George J. Fowler, III, New Orleans, La., for defendants.

## ORDER AND REASONS

DUHE, District Judge.

On June 17, 1987, this court ordered dismissal of plaintiff's maritime personal injury suit on the basis of *forum non conveniens*, adopting defendants' memorandum in support of its unopposed motion to dismiss *in extenso*. Plaintiff now moves this court for reconsideration of the motion citing the June 8, 1987 retention of new counsel as the reason for plaintiff's tardy opposition. Plaintiff's motion for reconsideration is hereby GRANTED.

## FACTS

On May 20, 1985 plaintiff Robert K. Stevenson, filed this suit seeking damages against defendants Global Marine Drilling Company ("Glomar") and Marican Offshore Drilling Services ("Marican") for injuries allegedly sustained on September 14, 1984. Jurisdiction in this court is predicated on the Jones Act, general maritime law and diversity. The facts giving rise to this suit are not seriously disputed.

Defendants hired plaintiff as a toolpusher and assigned him to the jackup rig GLOMAR LABRADOR I. Marican chartered the GLOMAR LABRADOR I from Glomar and located the rig in Canadian waters near Halifax, Nova Scotia. Because Canadian law required all offshore workers to complete a sea survival training course, Glomar enrolled plaintiff in a course operated by Survival Systems, Ltd., a Canadian corporation.

While participating in open sea survival exercises aboard the M/V LACUNA, a Canadian vessel owned by Dominion Diving of Halifax, Nova Scotia and chartered by Survival Systems, Ltd., plaintiff allegedly suffered injuries. Plaintiff sued Glomar and Marican claiming both were negligent in failing to provide him with a safe place to work and a seaworthy vessel and that plaintiff's injuries were caused by the unseaworthiness of the M/V LACUNA.

Plaintiff has also filed two related suits in the trial courts of Canada and Nova Scotia, naming Marican, Survival Systems, Ltd., Home Oil Company, Ltd. and Glomar as defendants. All are Canadian Corporations except for Glomar.

Defendants' motion to dismiss for *forum non conveniens* concludes the lack of operational contacts with the United States dictates the choice of Canadian law. Moreover, defendants conclude the Canadian interests in the outcome of this suit outweigh American interests and that dismissal of this action in lieu of Canadian prosecution will promote judicial economy and efficiency.

Plaintiff's opposition argues the fact that his injuries occurred while aboard the M/V LACUNA is irrelevant. Rather, plaintiff contends he was acting within the course and scope of his employment and assignment to the GLOMAR LABRADOR I when he suffered his injuries. Plaintiff emphasizes his permanent residence in Houma, Louisiana and his treatment by Louisiana physicians in concluding the substantive law of the United States should apply.

Defendants' reply contends plaintiff's contacts with the GLOMAR LABRADOR I are not at issue.

**1276**

## LAW AND ANALYSIS

A decision on defendant's motion to dismiss for *forum non conveniens* requires this court to determine whether American or foreign law governs plaintiff's claim. *Nicol v. Gulf Fleet Supply Vessels, Inc.*, 743 F.2d 289, 294 (5th Cir.1984). If American law applies, this court should retain jurisdiction. *Id.* at 292–93, quoting *Koke v. Phillips Petroleum Co.*, 730 F.2d 211, 218 (5th Cir.1984).

■ The choice of law determination in an action brought by an injured seaman must address the *Lauritzen–Rhoditis* factors: 1) place of wrongful act; 2) law of the flag; 3) allegiance or domicile of the injured; 4) allegiance of the defendant shipowner; 5) place of contract; 6) inaccessibility of foreign forum; 7) law of the forum; and 8) shipowner's base of operations. *Schexnider v. McDermott Int'l, Inc.*, 817 F.2d 1159, 1161 (5th Cir.1987); *Cuevas v. Reading & Bates Corp.*, 770 F.2d 1371, 1378 (5th Cir.1985) (citations omitted).

The weight and significance to be accorded each factor varies. "The law of the flag is given *great* weight in determining the law to be applied in maritime cases." *Schexnider*, 817 F.2d at 1162 (emphasis in original). Where maritime torts are concerned, the place of the wrongful act is usually modified by the law of the flag. Likewise, in personal injury actions the place of contract is not very important nor is the law of the forum accorded much weight. *Nicol*, 743 F.2d at 294–297.

■ This court remains convinced by defendants' application of the required factors to the facts at hand. Plaintiff's injuries occurred off the Canadian coast on a vessel sailing under Canadian registry, operating out of Halifax, Nova Scotia and owned by a Canadian corporation. Plaintiff's focus upon his assignment to the GLOMAR LABRADOR I is misplaced. There is no causal connection between his injuries and his employment. Nor is there any relationship between any alleged unseaworthiness on the GLOMAR LABRADOR I and plaintiff's injuries.

Nor is the contract between Glomar and Marican relevant in determining choice of law. Plaintiff's claim is for maritime tort, not breach of contract. *See Nicol*, 743 F.2d at 294–97. Furthermore, the record establishes the availability of a Canadian forum(s) for prosecution of plaintiff's personal injury claim. Canadian substantive law, like that of the United States, permits recovery for pain and suffering and the loss of past and future income.

Consideration of the *Lauritzen–Rhoditis* factors convinces this court that Canadian law should apply to this dispute. Accordingly, this court may dismiss if there is a more convenient forum available and the balancing of public and private interests favors trial in that forum. *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508–09, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947); *De Oliveira v. Delta Marine Drilling Co.*, 707 F.2d 843, 845 (5th Cir.1983).

Recognizing the strong presumption favoring plaintiff's choice of forum, *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255, 102 S.Ct. 252, 265–66, 70 L.Ed.2d 419 (1981), this court concludes dismissal is required. Public interests support this conclusion. Canadian regulations prompted plaintiff's enrollment in the sea survival course and his injuries allegedly stem from activities occurring in Canadian waters.

Private interests also militate in favor of dismissal. Prosecution in a Canadian forum will permit joinder of all parties, including the instant defendants. There are likely as many witnesses in Nova Scotia as there are treating physicians here. Greater access to proof and process are likely available in Canada, and there has been no showing of substantial savings by requiring prosecution here.

This review convinces this court that its prior determination was correct and the prior order and reasons dated June 17, 1987 remains unchanged and in effect.

IT IS SO ORDERED.